[Crim. No. 1531.   Second Appellate District, Division Two.—October 11, 1927.]

THE PEOPLE, Respondent, v. LOUIS C. STRINGER, Appellant.

Thomas J. Martin, John A. Deweese and Josiah Coombs for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

WORKS, P. J.—This is an appeal from a judgment convicting defendant of the crime of obtaining money by false pretenses. Defendant also appeals from an order denying his motion for a new trial.

Appellant took the stand as a witness in his own behalf. On his cross-examination the record shows the following: "Q. Have you ever been convicted of a felony? A. I have not. [Counsel for Appellant]: That is objected to as incompetent, irrelevant and immaterial, no foundation having been laid and not the best evidence. The Court: Overruled. He may answer yes or no. A. I certainly have not." The only point upon which appellant contends for a reversal is that the court erred in permitting an answer to the question asked, and that the district attorney was guilty of misconduct in putting it, although it will be observed that the answer was favorable to appellant. A further excerpt from the record is necessary in order fully to present the point for which appellant contends. Following immediately the quotation above made the cross-examination continued: "Q. Weren't you convicted of the crime of obtaining money by false pretenses in this very courtroom? A. I want to beg your pardon. Pardon me, please, in connection with this case, yes, recently. I beg your pardon. [Counsel for appellant]: Growing out of this same transaction? A. Yes, this same deal."

It is insisted by appellant that the question to which he objected was improper for the reason, as he asserts in his brief, that at the time when it was asked an appeal was pending from the judgment of conviction which he had "recently" suffered. There are several answers to the point thus made. In the first place, appellant does not show that it was called to the attention of the trial court that an appeal was pending from the conviction to which he, as a witness, referred, or that the time for taking an appeal had

not expired. Secondly, the entire harm which was done to the defense by the part of the record above set forth arose through questions to which no objection was interposed. Thirdly, the question to which objection was made was entirely proper at the time it was put, so far as the mere question of error is concerned. There is nothing in the record up to that time which showed the trial judge what particular conviction was being inquired about, nor, in truth, to indicate that the district attorney had any particular conviction in mind in asking the question. ■ Again, and on the score of misconduct, there was no assignment of wrongdoing, nor any request for admonition to undo it.

Judgment and order affirmed.

Craig, J., and Thompson, J., concurred.